UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

YIORKIS PINEDA-LAURENCIO,

Petitioner,

v.

WILLIAM GITTERE, *et al.*,

Respondents.

Case No. 2:19-cv-00477-LRH-EJY

**ORDER GRANTING
MOTION FOR STAY
(ECF NO. 36)**

This action is a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Yiorkis Pineda-Laurencio, a Nevada prisoner serving two consecutive sentences of life in prison without the possibility of parole on convictions first-degree murder. Pineda-Laurencio, represented by appointed counsel, filed an amended habeas petition on February 4, 2020 (ECF No. 13). Respondents filed a motion to dismiss on May 22, 2020 (ECF No. 27). On September 18, 2020, Pineda-Laurencio filed a motion for stay (ECF No. 36). The Court will grant the motion for stay and stay this action until such time as conditions, with respect to the COVID-19 pandemic, are such that Pineda-Laurencio's counsel can adequately investigate his mental condition in order to respond to Respondents' arguments based on the statute of limitations. The Court will deny the motion to dismiss without prejudice.

In Respondents' motion to dismiss, they contend, in part, that Pineda-Laurencio's federal habeas petition was initiated after expiration of the statute of limitations at 28 U.S.C. § 2244(d)(1), and they move for dismissal of his entire federal petition on that ground.

///

1

In his motion for stay, Pineda-Laurencio's counsel indicates that she intends to do investigation to develop evidence to show that equitable tolling of the statute of limitations is warranted because Pineda-Laurencio was unable to comply with the statute of limitations on account of mental impairment. *See* Motion for Stay (ECF No. 36), pp. 3–4. Pineda-Laurencio's counsel indicates that part of that investigation would be evaluation of Pineda-Laurencio by an expert, and that evaluation would require an in-person examination of Pineda-Laurencio. *Id*. Pineda-Laurencio's counsel points to allegations in the amended petition that, during pre-trial proceedings in state court, Pineda-Laurencio was at one point declared incompetent to stand trial. *Id*. at 2 (citing Amended Petition (ECF No. 13), p. 4). Pineda-Laurencio's counsel goes on to state that, as a result of restrictions imposed by the Nevada Department of Corrections (NDOC) in response to the COVID-19 pandemic, it is not possible at this time to have an expert evaluate Pineda-Laurencio. Motion for Stay (ECF No. 36), pp. 4–6. Pineda-Laurencio therefore requests that this case be stayed "until the current global health crisis has eased, in-person meetings can restart, and necessary investigation can be completed." *Id*. at 7.

Respondents filed a response to the motion for stay on October 2, 2020 (ECF No. 37). Respondents argue that Pineda-Laurencio's counsel should have anticipated the statute of limitations issue and should have conducted the investigation of his alleged mental impairment before filing the amended petition, and before the COVID-19 pandemic resulted in NDOC restrictions on prisoner visitation. Response to Motion to Stay Proceedings (ECF No. 37), pp. 1–2. However, Pineda-Laurencio points out— accurately, in the Court's view—that reasonable diligence does not require a habeas petitioner to take such steps, and expend such resources, to counter an affirmative defense before the defense is asserted. Reply (ECF No. 38), pp. 2–3.

Respondents also contend that there is adequate evidence in the record, in the form of records of prior evaluations of Pineda-Laurencio, to allow Pineda-Laurencio to respond to the motion to dismiss without need for a further evaluation. Response to

Motion to Stay Proceedings (ECF No. 37), p. 2. However, Pineda-Laurencio responds, accurately, that the precise issue concerning his alleged mental impairment raised by the motion to dismiss has not been raised before, and that, therefore, there is no evaluation in the record specifically addressing that issue. Reply (ECF No. 38), p. 2.

Respondents also point out that, in addition to the statute of limitations issue, their motion to dismiss also raises the question whether Pineda-Laurencio's petition is wholly unexhausted in state court. Response to Motion to Stay Proceedings (ECF No. 37), p. 2. The Court has examined the record, however, and determines that the exhaustion issue may also raise the question of Pineda-Laurencio's alleged mental impairment. Specifically, it appears that the question of Pineda-Laurencio's alleged mental impairment could possibly be relevant to any procedural default issue that could result from any failure of Pineda-Laurencio to properly exhaust his claims in state court.

Finally, Respondents request that, if the Court grants the motion for stay, and stays this case, the Court should require periodic status reports from Pineda-Laurencio addressing whether it is necessary for the stay to remain in effect. *Id.*

The Court determines that Pineda-Laurencio has shown that there is good cause to stay this action until it is possible for his counsel to conduct an adequate investigation of his alleged mental impairment, so as to respond to a motion to dismiss such as that filed by Respondents. The Court will grant the motion for stay. The Court will deny the motion to dismiss, without prejudice. At such time as the stay can be lifted, the Court will grant Respondents an opportunity to file a new motion to dismiss. The Court will require periodic status reports from Pineda-Laurencio during the stay.

**IT IS THEREFORE ORDERED** that Petitioner's Stay Motion (ECF No. 36) is **GRANTED**. This action is **STAYED**. The Clerk of the Court is directed to update the docket to reflect the stay of this case, and the Clerk of the Court shall close this case administratively.

**IT IS FURTHER ORDERED** that Respondents' Motion to Dismiss (ECF No. 27) is **DENIED**, without prejudice.

**IT IS FURTHER ORDERED** that Petitioner shall file a status report by March 15, 2021, and then every six months thereafter (by September 15, 2021, March 15, 2022, etc.), informing the Court of his position regarding whether the stay should remain in place. Respondents may respond to any such status report within 20 days; Petitioner may then reply within 10 days.

**IT IS FURTHER ORDERED** that either Petitioner or Respondents may file a motion at any time to lift the stay based on changed circumstances.

DATED this  19th day of October, 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE